IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUIS ANTONIO MALDONADO CASTILLO, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. CIV-23-675-D ) |
| DAVID PRATER, et al., | ) ) ) |
| Defendants. | ) |

### ORDER

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, alleging violations of his constitutional rights [Doc. No. 1]. Plaintiff named as Defendants various city officials, detention officers, and OKCPD officers; an Oklahoma County district court judge; a nurse; the "Board of Trustees"[1]; Turn Key Health Clinics, LLC; Palomar; CJ's Bail Bonds; and Plaintiff's ex-wife, Sarah Stewart. The matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On December 8, 2023, the magistrate judge issued a Report and Recommendation [Doc. No. 68], in which she recommended the following motions be granted: Defendant Sarah Stewart's Motion to Dismiss [Doc. No. 6]; Defendant Wade Gourley's Motion to Dismiss [Doc. No. 22]; Defendant Michael Callaway's Motion to Dismiss [Doc. No. 24]; Defendant Judge Sara Bondurant's Motion to Dismiss [Doc. No. 26]; Defendant Palomar's

---

[1] From the context of Plaintiff's complaint, it appears Plaintiff intended to name the Oklahoma County Criminal Justice Authority (OCCJA).

1

Motion to Dismiss [Doc. No. 37]; Defendant OCCJA's Motion to Dismiss [Doc. No. 39]; Defendant Turn Key's Motion to Dismiss [Doc. No. 41]; Defendant CJ's Bail Bonds' Motion for Summary Judgment [Doc. No. 16]; and Plaintiff's Motions to Dismiss Defendant Prater and Defendant Jacquez [Doc. Nos. 43, 53]. The magistrate judge further recommended dismissing without prejudice Plaintiff's claims against Defendants Toledo, Easter, and Powers, and denying the following motions: Defendant Stewart's Motion for Sanctions [Doc. No. 32]; Defendant Callaway's Motion to Strike Response [Doc. No. 54]; Plaintiff's Motions to Change Non-Prisoner 1983 Form to Prisoner 1983 Form [Doc. Nos. 44, 52, 60]; and Plaintiff's Motion for Default Judgment Against Detention Officer Toledo [Doc. No. 47]. In her report, the magistrate judge notified the parties that failure to object on or before December 29, 2023, would waive the right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Plaintiff timely filed an Objection to Report and Recommendation [Doc. No. 69]. In it, he rehashes many of his arguments from his responses to Defendants' motions to dismiss but fails to make specific objections to most of the magistrate judge's thorough conclusions. At one point, Plaintiff vaguely argues that the magistrate judge "ignored information when it was [useful] to dismiss [his] complaint against peers but use[d] that same 'ignored information' to dismiss [his] complaint with defendants not closely related to [Defendant] Judge Bondurant." [Doc. No. 69, at 2]. Without citing to any specific information which Plaintiff contends the magistrate judge ignored, this type of blanket objection without argument or authorities, is not sufficient to preserve an issue for further

review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

Where Plaintiff's objections are more specific, he presents no persuasive argument or authority that would cause this Court to reject the magistrate judge's conclusions. To the extent Plaintiff attempts to introduce new arguments in his objection, the Court notes that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Plaintiff first argues that the magistrate judge was inconsistent in applying the legal standard for a motion to dismiss a pro se complaint. In her report, the magistrate judge correctly stated that "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." [Doc. No. 68, at 7]. Thus, the magistrate judge properly "ignored any new factual assertions Plaintiff include[d] in his own motions and his responses to the Defendants' motions." *Id.*

Citing this language, Plaintiff argues that it was inconsistent for the magistrate judge to subsequently refer to Plaintiff's response to OCCJA's motion to dismiss. The Court disagrees. The magistrate judge referred to Plaintiff's response to OCCJA's motion to dismiss to analyze whether Plaintiff had shown good cause for the failure to effect proper and timely service, not whether Plaintiff's complaint stated a claim upon which relief could

3

be granted. Plaintiff further argues that the magistrate judge failed to "take into account [his] response to each motion." However, the report clearly reflects that the magistrate judge considered Plaintiff's *arguments* in response to Defendants' motions to dismiss and ignored only new *factual assertions* that were not included in Plaintiff's complaint. Accordingly, the Court finds no inconsistencies between the magistrate judge's report and the legal standard governing motions to dismiss.

Plaintiff also argues that the magistrate judge failed to "liberally construe" his complaint. Plaintiff ignores, however, that courts are not to serve as a pro se plaintiff's advocate and are not bound to create arguments for a plaintiff merely because he is pro se. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *see also Wingfield v. Pruitt*, 825 F. App'x 553, 557 (10th Cir. 2020) (citations omitted) ("[T]his liberal-construction principle 'does not excuse' a litigant's obligation 'to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.' Nor does it obligate the courts 'to assume the role of the advocate for the pro se litigant.'"). The Court finds that the magistrate judge applied the correct legal standard and liberally construed Plaintiff's allegations in preparing her report.

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a de novo review, finds that Plaintiff's objection should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 68] in its entirety.

**IT IS THEREFORE ORDERED** that:

i. Defendant Stewart's Motion to Dismiss [Doc. No. 6] is **GRANTED**;

ii. Defendant Gourley's Motion to Dismiss [Doc. No. 22] is **GRANTED**;

iii. Defendant Callaway's Motion to Dismiss [Doc. No. 24] is **GRANTED**;

iv. Defendant Bondurant's Motion to Dismiss [Doc. No. 26] is **GRANTED**;

v. Defendant Palomar's Motion to Dismiss [Doc. No. 37] is **GRANTED**;

vi. Defendant OCCJA's Motion to Dismiss [Doc. No. 39] is **GRANTED**;

vii. Defendant Turn Key's Motion to Dismiss [Doc. No. 41] is **GRANTED**;

viii. Defendant CJ's Bail Bonds' Motion for Summary Judgment [Doc. No. 16] is **GRANTED**;

ix. Plaintiff's Motions to Dismiss Defendant Prater and Defendant Jacquez [Doc. Nos. 43, 53] are **GRANTED**;

x. Plaintiff's claims against Defendant Toledo are **DISMISSED** without prejudice;

xi. Plaintiff's claims against Defendant Easter are **DISMISSED** without prejudice;

xii. Plaintiff's claims against Defendant Powers are **DISMISSED** without prejudice;

xiii. Defendant Stewart's Motion for Sanctions [Doc. No. 32] is **DENIED**;

xiv. Defendant Callaway's Motion to Strike Response [Doc. No. 54] is **DENIED**;

xv. Plaintiff's Motions to Change Non-Prisoner 1983 Form to Prisoner 1983 Form [Doc. Nos. 44, 52, 60] are **DENIED**; and

xvi. Plaintiff's Motion for Default Judgment Against Detention Officer Toledo [Doc. No. 47] is **DENIED**.

Based on these rulings, Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice. A separate judgment shall be entered.

**IT IS SO ORDERED** this 2nd day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge